IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOREEN PORTER, | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  08-4167 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                              July 8, 2009

      Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 13) [1] and defendant's response thereto (Doc. No. 14), the court makes the following findings and conclusions:

      1.    On December 12, 2005, Doreen Porter ("Porter") filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, alleging an onset date of January 25, 2002.  (Tr. 54-56; 61; 258-63).  Throughout the administrative process, including an administrative hearing held on September 18, 2007, before an ALJ, Porter's claims were denied.  (Tr. 5-7; 15-23; 41-44; 252-56; 264-303).  Pursuant to 42 U.S.C. § 405(g), Porter filed her complaint in this court on September 11, 2008.

      2.    In his October 16, 2007 decision, the ALJ concluded, *inter alia*, that: (1) Porter had severe impairments consisting of disorders of the back and right hand; (2) her impairments did not meet or equal a listing; (3) she had the RFC to perform light work with little or no use of her right, non-dominant hand; (4) there were jobs that existed in significant numbers in the national economy that Porter could perform; and (5) she was not disabled. (Tr. 16 ¶ 1; 17 Finding 3; 18 Findings 4 & 5; 22 Finding 10; 23 ¶ 2 & Finding 11).[2]

      3.    The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence.  <u>Schaudeck v. Comm'r</u>

---

[1] Plaintiff's counsel, Eleanor Segal, has again failed to follow the revised social security procedural order and has filed a motion for summary judgment with a lengthy factual recitation, neither of which is contemplated by the procedural order.  <u>See</u> (Doc. No. 5).  As a result, I will treat her submission as a brief in support of request for review.  Also, because Ms. Segal has not seen fit to adhere to the new procedural order since its inception three years ago, I hereby put her on notice that failure to follow the procedural order in the future may result in appropriate sancitons.

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

        4.    Porter raises two main arguments in which she alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence.[3] These arguments are addressed below. However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

        A.    First, Porter contends that the ALJ erred by rejecting the opinion of her treating physician, Cory Ruth, M.D., that she was disabled, in favor of the opinions of the consultative examiner, Jerry Ginsberg, D.O., and the state agency physician. (Tr. 117-18; 125-31; 132-38; 199; 203-06; 228; 231-36; 238; 241). Both the RFC assessment and the ultimate disability determination are issues reserved for the Commissioner and a physician's opinions thereof are not entitled to any special significance. 20 C.F.R. §§ 404.1527(e)(1-3); 416.927(e)(1-3); S.S.R. 96-5p. Moreover, an opinion of a treating physician is only entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2).

        After reviewing the pertinent medical evidence in his decision, the ALJ rejected the medical opinions of Dr. Ruth regarding his RFC assessment and his conclusion that Porter was disabled. (Tr. 19 ¶ 3 - 21 ¶ 4). The ALJ concluded that these opinions were not supported by the record, including Dr. Ruth's own progress notes showing a conservative course of treatment and Dr. Ginsberg's report. (Tr. 21 ¶¶ 2-3; 115-24; 125-31; 207-50). Instead, the ALJ based his conclusion on the opinions of Dr. Ginsburg and the state agency physician, and some records from Drexel Internal Medical Associates and Hahnemann University Hospital. (Tr. 21 ¶ 2; 115-24; 125-31; 132-38; 197-98; 207-50). After a thorough review of the record, I conclude that the ALJ's determination that Dr. Ruth's disability opinion and RFC assessment were not supported by the record was based on substantial evidence. Thus, Porter's first argument must fail.[4]

---

[3] At the end of her brief, Porter also contends that her "long history of impairments would meet or equal a listing." (Doc. 13, pg. 18). This is the entirety of her argument on this issue. Obviously, she has not even begun to carry her burden of proof on this issue. Thus, it must fail.

[4] Similarly, Porter's argument that it was error for the ALJ to fail to incorporate Dr. Ruth's limitations into his RFC assessment and hypothetical question to the VE, also must fail.

        B.     Second, Porter argues that the ALJ erred by discounting the credibility of her testimony and that he failed to adequately explain his credibility determination. "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)). Moreover, such determinations are entitled to deference. S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003). The ALJ adequately discussed his decision to discount the credibility of Porter's testimony and based his conclusion upon, *inter alia*, the objective medical evidence including the examination findings of Dr. Ginsberg. (Tr. 19 ¶¶ 1-3). After reviewing the record, I conclude that the ALJ's credibility determination was supported by substantial evidence. Thus, this argument must also fail.

        5.     After carefully reviewing all of the arguments and evidence, I find that the ALJ's conclusion that Porter was not disabled was legally sufficient and supported by substantial evidence. As a result, Porter's request for relief must be denied and the decision must be affirmed.

        An appropriate Order follows.