IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOREEN PORTER, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-4167 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                September 1, 2009

    Presently before this court are the "objections to the Report and Recommendation filed by United States Magistrate Judge" (Doc. No. 19) filed by the plaintiff. For the several reasons that follow, these objections will be denied.

    After her application for disability benefits was denied by the ALJ, Doreen Porter ("Porter"), filed a complaint in this court on September 11, 2008. On July 8, 2009, I entered judgment in favor of the defendant and denied the relief sought by Porter. On July 22, 2009, Eleanor Segal, Esq. ("Segal"), filed on behalf of her client, Porter, a timely motion for an extension of time to file objections to the Magistrate's Report and Recommendation. I explained to Segal and her client in my August 3, 2009 order, in explicit detail, that there had been no review of this case by a Magistrate Judge nor was a Report and Recommendation issued. Instead, the case had been reviewed by me, a Senior United States District Judge, and disposed of with a final order of judgment of the court. I further explained that because there is no legal provision for objections to this court's final order, her motion was improper. Nonetheless, I construed Porter's motion as one for an extension of time to file a motion for reconsideration, and granted it on that basis. I also explained that the law governing any motion she filed would be the law and procedure applicable to a motion for reconsideration. I even went so far as to

recite the law of reconsideration for her.

Incomprehensibly, I am now faced with objections to a non-existent Report and Recommendation by a non-existent Magistrate Judge. In light of Segal's failure to file a timely motion for reconsideration, I must deny the relief she seeks on behalf of her client, Porter.

Moreover, even if I also construed these objections to be a motion for reconsideration, Segal has failed to invoke any of the three justifications for filing such a motion. See Wilson v. Halter, No. 00-468, 2001 WL 410542, at *2 (E.D. Pa. Apr. 18, 2001), aff'd Wilson v. Massanari, 27 Fed. Appx. 136 (3d Cir. 2002). The only conceivable reason for the motion would be that she alleges a need to prevent manifest injustice or correct a clear error of law or fact. Id. However, a review of Porter's brief shows that all of the arguments are merely an attempt to get a second bite at the proverbial apple.[1] Dissatisfaction with the Court's ruling is not a proper basis for reconsideration as it is improper to "ask the Court to rethink what [it] had already thought through–rightly or wrongly." Id. Therefore, even as a motion for reconsideration, Porter's submission fails.

This is now the third time in this case that I have admonished Segal for failing to follow the orders of this court. See (Doc. Nos. 16 & 18). Moreover, Segal has failed to properly follow the court's standing procedural order in any of her social security cases before me since that order was amended and adopted three years ago. I plead with Segal to FOLLOW THE ORDERS OF THIS COURT. Segal blithely pilots her dinghy perilously close to the rocky and

---

[1] The only argument that is not a complete re-hash of her prior contentions is the allegation that the court neglected to address Porter's argument that the ALJ failed to include all of Plaintiff's impairments in the hypothetical question. On the contrary, I addressed this argument at footnote four of my July 8, 2009 opinion.

storm-tossed shores of the ethical badland known as Malpractice Island.  I again warn Segal that failure to follow the orders (including the procedural order) entered in cases that have been assigned or re-assigned to me are likely to result in the imposition of sanctions.

       An appropriate Order follows.